Goolsbee. The next matter on our calendar is United States v. Ian Goolsbee. Good morning. I represent the appellant Ian Goolsbee. Mr. Goolsbee appeals from a judgment of the District Court of the Western District of New York. He was convicted after a trial of drug offenses and firearms offenses for which he is currently serving an aggregate sentence of 300 months, that is 25 years in prison. Additionally, this consolidated appeal also includes Mr. Goolsbee's pro se appeal of the District Court's decision which denied his motion, his pro se motion to dismiss the indictment. Mr. Goolsbee's sentence should be vacated, remanded for a remand. As we argued in our brief and as the government has conceded, the District Court committed procedural error in ruling that Mr. Goolsbee had at least two prior felony convictions for a controlled substance offense. The government has conceded that the so-called Townsend issue requires a remand on that conviction. That has a dramatic effect on his sentence, doesn't it? Yes, it does. That would impact the enhancement under 2K2.1A2 which bumped up the base offense level by 4 points for the counts 3 and 4 grouped weapons conviction and it would also impact the career offender status under 4B1.1A, I believe, which appears to have bumped up by 6 as well as all this was considered by the sentencing court when it calculated his total offense level and his criminal history category and his guideline sentencing range. What about the rehab issue? With respect to the rehab issue, for the reasons that we stated in brief in the appellate's 20HA letter, we believe that the implications of rehab warrant reversing Mr. Goolsbee's 922G1 conviction. Does that have an effect on the sentence? Probably wouldn't, right? It's grouped together with the obliterated serial count and the 922G is therefore not going to matter for sentencing other than it increases the exposure when you state it. I would need to recalculate that and I would leave that to the district court in probation when they would issue a revised PSL. Yes, but that said, there is no proof here that the government has failed to prove that Mr. Goolsbee knew he also belonged to a relevant category of persons that was barred from possessing a firearm. He raised this issue himself in his pro se motion to dismiss. He argued in that motion that the court lacked subject matter jurisdiction over the 922G1 offense and that was in my appendix at A109. The government points to the stipulation in this case. Right. And the stipulation only says that he was convicted in county court of a crime punishable by imprisonment for a term that stipulates to knowing that this conviction barred him from possessing a firearm, which is what Rahafe requires. He ultimately got sentenced to more than a year, right? The sentence in that case, the jury didn't hear about it, but the sentence was well over a year, right? Yes. So this is not going to be much of a retrial, I assume, unless he says I forgot about those four years that I served. Well, at this point, based on Rahafe and based on the pro se motion, this should be remanded. This conviction should be vacated and it should be remanded. There's no evidence in the record of how long he served, is there? No, there's not. And that's because the counsel below stipulated to make sure the jury didn't hear about it because the thought was it would be prejudicial to the defendant if they heard about the actual length of the sentence and the details of it, right? With all due respect, I can't state why the counsel below stipulated to that. That would be speculation. I mean, that's the implication. From now on, we should have trials where the jury is going to get to hear what the actual sentence was because it's going to be relevant to the knowledge of the defendant that he was prohibited from having a firearm. What's relevant is that the defendant knew he was prohibited from having a firearm based on this conviction, and that could have been included in the stipulation. The jury could have been charged on that. It wasn't. But just following this train of logic of the future trials, he had been convicted on two occasions of a felony, right? I would have to go back and check what the PSR says. But with respect to this particular issue, and the position is that the stipulation isn't enough to establish his knowledge, so the evidence was just insufficient on establishing knowledge here. That is correct. So it has to go back. And there was a challenge to the sufficiency of the evidence at the end of the case. Yes. There was a challenge to the sufficiency of the evidence. There were motions that were filed, and we continue to challenge the sufficiency of the evidence on appeal. You know, for the reasons that we stated in the brief, his conviction should be reversed because there was insufficient evidence from which a reasonable fact finder could have found that he knowingly possessed the narcotics in the firearms under a constructive possession theory or otherwise. The only evidence that the prosecution introduced to support that he constructively possessed any of this contraband came from one witness, Susan Henry, and she had an established motive to lie. She acknowledged having this unrequited love for Mr. Goolsbee. She ---- But this is all credibility findings, right? That went to the jury, didn't it? It did go to the jury, but the weight of the evidence was not there. I mean, when you look at what the government introduced to prove constructive knowledge, the evidence fails to establish that. And that's the point of raising this on appeal. Henry had set up Goolsbee through text messages with Officer Gunn, and she continued to stay in touch with him. She was that obsessed with him. But, I mean, these are all arguments that can and, in fact, in many cases were made to the jury. The jury gets to establish credibility. If they believe Henry, then that's the end of it, isn't it? Well, we're asking this Court to review this as insufficient evidence. So you're asking us to make credibility findings. I'm asking this Court to look at the weight of the evidence here and see that the weight of the evidence did not support the verdict here. This is a constructive possession. But if Henry is credited, you would concede there's sufficient evidence, right? Just the statement of her alone would be sufficient, wouldn't it? Well, not necessarily, because the location of these – of the contraband within the vehicle, you know, cuts against finding that he constructively possessed it. The – I'm trying to remember. The gun was found in the back seat behind him inside a lunch – inside a shoebox, and I believe the – The arrow was. Right. The lunch – right. The gun was found in the lunch – in the shoebox in the front seat by Henry's feet, and the gun was found in the – the heroin was found in the back in the lunch bag. So it was no where near tested. But Henry said that your client put it there, right? That's what she stated. Right. So if she's credited, game over, right? She testified to that to the jury, did she not? She did testify that to the jury. The jury was free to believe her or not? The jury was free to believe her, but we're asking this Court to review this based on the weight of the evidence here that it was insufficient. And if you – if you were to find that she was – that the evidence is sufficient, that's a different story. But our issue that's being raised on this appeal is that the evidence was insufficient from which a reasonable fact finder could have found constructive possession. Can I ask – All right. Thank you. Can I ask you just one question? Oh, yeah. Because we didn't talk about the suppression issue at all, and I'm not sure if you want to just rest on your briefs on that. I do have some rebuttal, but if you'd like me to talk about it now, I'm more than happy to. All right. Well, we can save it for rebuttal. Whatever you'd prefer, Your Honor. Well, she's running the show. Well, you've reserved three minutes for rebuttal. Yes, I did. That might be appropriate. Yes. We'll hear from the government. Trying to conserve time. Thank you, Your Honors. Good morning. My name is Charles Moynihan. I appear on behalf of the United States in this case. Do you concede to the Townsend remand? We do. But not to the rehab? No, Your Honor. We do not believe that this Court should reverse the conviction for the felon in possession count based on the rehab. What's the evidence in the record that the jury had to conclude that the defendant had knowledge that the sentence he pleaded, that the crime he pleaded guilty to has subjected him to a year or more in prison? The stipulation is the only evidence. But it says nothing about his state of mind, does it? It says nothing about the state of mind. It says nothing about the length of the sentence. It says nothing about the length of sentence either, Your Honor. And isn't that what he has to know? The stipulation does say that he was convicted of a crime that subjected him to more than a year in prison. That is correct. But it doesn't say that he knew that. That is correct, Your Honor. And after rehab, that's an element now of the crime. That is correct, Your Honor. For better or for worse. So why don't you stipulate your remand on that issue as well? Because in this matter, Your Honor, the circumstances regarding rehab are subject to a plain error review. As my office has argued in the 2018. Well, wait, wait. That's about jury instructions. The jury instructions are clearly wrong after rehab. That's correct. But this is a sufficiency of the evidence point. That is correct. Okay. And there was, in fact, a motion made after trial saying there was insufficient evidence, right? That is correct. And so doesn't so isn't that then fair game for us to review? Your Honor. What's the state of the evidence with respect to all the elements new and improved under rehab? Your Honor, that is correct. But the evidence, as it was permitted by the government to prove here, was sort of carved out by the stipulation that was entered into by all the parties. And Mr. Goolsbee acknowledged his prior conviction and agreed to it and didn't contest it. Is evidence of concealment of the gun, does that go to a knowledge that you might be in the status of people who could be prohibited from possessing a gun? Well, Your Honor, I would agree, yes. I quite frankly haven't thought about that. But I would agree with the Court, yes, because the clandestine nature by which Mr. Goolsbee, according to the testimony, secreted this firearm in the house of his friend, Susan Henry, and then ultimately retrieved it and placed it in his shoebox. He told her to bring it, didn't he? He told her, Your Honor, I believe the testimony was he appeared at her house sometime the day before, asked her to hold on to the firearm in the lunch bag. And then when it was retrieved, it was retrieved by her. Yes, Your Honor. I think the testimony was that she went upstairs to her locked bedroom and retrieved the bag, the laundry bag that he asked her to hang on to and gave. And then provided it. And how does that support an inference of his knowledge of the length of sentence for the crime he previously pleaded guilty to? It doesn't necessarily say the length of sentence, Your Honor. What I think the argument then becomes is that it clearly shows his knowledge that the possession by him was illegal. Oh, illegal. Well, he may know that it's not good to have a gun, but it's not clear that he knew the elements under rehafe, it seems to me. I mean, look, if you had to retry this case, I assume you could do it in your sleep. You would show that he served more than a year. And unless he's going to say that he forgot about that and didn't therefore have an appreciation at the time to possess the gun, that he actually spent more than a year in jail, I mean, this is not going to be a problem going forward. No, Your Honor. I think the government, but the government would be permitted to prove up one or more of his felony-level convictions. In fact, I think he admits in his pro se motion he had been maxed out on parole at one point. Right. You can prove it on paper, but the jury never heard it. That is correct, Your Honor. It was an element of the conviction. And they were wrongly instructed that they didn't have to reach that. So you can't go back and bring the jury back. That is correct, Your Honor. But, again, the idea that somehow the defense in or the appellant in bringing this issue and presenting this issue to the court hasn't been able to show a reasonable probability of a different outcome. But what, I mean, so I guess I'm trying to figure out what the jury would be doing in that jury room if they'd had the correct post-rehafe instruction. They'd be sitting there and saying, great, well, what about his knowledge of the sentence that he pleaded guilty to the first time, the underlying felony? And what evidence would they be talking about? Your Honor, I would be speculating. Just the stipulation. Your Honor, I would, in terms of the stipulation presented here, the government may in all effect not enter into any stipulation if it wasn't agreed that there was the knowledge portion of the appellant's status, of Mr. Goolsbee's status. If this case were to proceed to trial again, the government would. I'm not asking about again. I'm saying before. So if the correct instruction had been given, you're saying, I think, that there is sufficient evidence from which the jury could have concluded that all the elements of the 922G count were met. Is that what you're saying? I'm saying that there's no reasonable probability presented or shown that the outcome would have been different. But that's you're suggesting. That means we get to sort of imagine what would have happened if you had presented different evidence. Do you think that's part of the inquiry? I think, Your Honor, I think the inquiry is the reasonable, whether or not the outcome would have been different. See, the position that this is. Whether or not the outcome would have been different based on the trial record as it exists now? Or whether the outcome would have been different if you could have supplemented it with new evidence that went to the new element? Well, Your Honor, unfortunately, the trial record as it exists now is silent on that issue because, is because of the stipulation. Had Mr. Gouldsby not stipulated to that and the government had been required to prove that up, I'd be speculating on what type of evidence we would present because that wasn't presented. But very well, it could have been trial pleading transcripts. It could have been sentencing issue, sentencing transcripts related to his prior conviction from 1999. Right. So this is an if-only argument. If only the government, they hadn't stipulated, and if only you had a chance to do it. But if only doesn't count, you know? Well, Your Honor, I understand that. But I think that the, and this is sort of a unique situation because Mr. Gouldsby is agreeing to stipulate, but then reaping the benefit of a subsequent case which says that stipulation is not significant or sufficient. But why isn't the right way to think about this, that there was an error that was, a sufficiency error that was preserved. There was an objection on sufficiency grounds at trial. So we have to address, we have to assess this as a sufficiency claim on appeal. And doing that, we're going to ask, drawing all inferences in favor of the jury verdict, we have to look at the evidence that's in the case, confine ourselves to that, and see if that's enough. You're arguing that we should look at it, and correct me if I'm misunderstanding. I may be. But I think you're arguing that we should view this solely as an instructional  error. That's my argument, yes, Your Honor. It's a plain error review, and it doesn't survive plain error analysis, because the defendant, Mr. Gouldsby, the appellant, can't show that there would have been an outcome that was different than what was presented. You're right. I think the Court indicated, quite frankly, this is a compelling piece of evidence that is subject to multiple interpretations as terms of the illegality of the possession of the firearm. Yes, there are multiple reasons that this firearm could be illegal, but one of which is his status as a felon, therefore resulting in his behavior, which sort of is this where he moves around from place to place with the firearm and the drugs, and attempts to secret it in places where he is able to be able to distance himself from it. Yes, but I mean, you also charge an obliterated serial number, right? That is correct. Maybe that's because he knows he has an obliterated serial number, and that's illegal. But in any event, none of this is even going to matter for purposes of sentencing, right? Your Honor, I think under the guidelines. As they currently are, Mr. Goolsby's sentencing guidelines group with the 922K count, which is the defaced firearm count, the ultimate guideline range would be the same on the 920, on both firearms counts. I don't remember exactly what they were or what they are, but I don't think it in effect would matter that. You might even not go forward on it. I wanted to ask a question about the suppression. Yes. So the magistrate judge, Judge Feldman, basically made findings based in part on Henry's testimony of what Henry told via text to the officers, right? Yes, Your Honor. And that R&R was adopted by Judge Sirigusa, correct? Yes, Your Honor. Okay. But your brief seems to be kind of running from the magistrate judge's opinion, it seems to me. You don't seem to be relying on Henry's texts. You seem to be saying that we should just go off on the smell of marijuana and his admission that he smoked. Are you not relying on Henry's texts and statements provided to officers prior to this search? Your Honor, we are relying on those insofar as they actually do provide an independent basis upon which to stop the vehicle. However, that's a credibility finding in sort of the conglomeration of all the evidence that was testified to by the officers at the suppression hearing. The reality is that it's undisputed that there was a vehicle and traffic violation which provided Officer Miller a reasonable basis upon which to stop, a lawful basis upon which to stop the vehicle. And upon approaching the vehicle and smelling burnt marijuana, which was corroborated by Mr. Goolsbee, Officer Miller had a legal authority to search that vehicle. I understand that. But I guess I'm just surprised that your brief is not relying on Henry's statements or statements attributed to her at the suppression hearing. And am I right about that? No, Your Honor. I think the brief relies on the brief relies on the brief relies on the brief relies  on the evidence that the officers were credible and that they, you know, that that information in itself provided a basis for which the vehicle to be stopped. But that's the easiest analysis here is, and the court knows it has to defer to the credibility findings relative to the finder of fact in this case, which was the magistrate judge and ultimately the district judge. However, the easiest basis here is to go to the uncontested evidence, which was there was a vehicle and traffic violation followed by a smell of marijuana and an admission by the operator, Mr. Goolsbee, of the vehicle that there, that he had smoked marijuana earlier that earlier. So your basic position is you focused on what you thought was the easiest, but there are multiple lawful way explanations for why, multiple explanations for why the officer's actions were lawful. Yes, Your Honor. I see my time has expired. I will sit down and listen. I was going to give you a moment to speak about what counsel raised, and that is the sufficiency of the evidence based on Ms. Henry's testimony, whether it amounted to any there there. Your Honor, there, the evidence is sufficient. Ms. Henry's testimony alone, as the district court noted during the, during its decision on the Rule 29 motion that was filed post-trial, was alone sufficient if it was credited by the jury, which apparently it was, at least in part, to convict Mr. Goolsbee of the offenses that were presented, that presented to it. That evidence, amounting a sufficiency of the evidence argument on a credibility determination is difficult, is a high hurdle for the appellant to do. And quite frankly, in these circumstances, the only way it would be, there would have to be exceptional circumstances to sort of set aside those or to, to successfully prevail on that. And they're not, they're not those exceptional circumstances here. The testimony is not inherently inconsistent. It's not disprovable by extrinsic evidence. In fact, quite frankly, it's corroborated by the other evidence. So if we go into the credibility determination, the fact that a firearm was found in the car in a shoebox, drugs were found in a lunch bag in the car, that. Sotomayor, I found it peculiar that she was texting even when she was in the car with him. The whole thing seemed very peculiar, but that's, I don't, that's just me. Your Honor, I think that speaks to the credibility issue that would have had to have been resolved by the jury in terms of whether or not they would have believed what she had to say. But we're not, but we're also talking in addition to this, Governments Exhibits 17 and 18 were presented to the jury in very, very small portion. There were a few minutes played in Governments Exhibit 17, which was a jail phone call. And in that phone call, Mr. Goolsbee apparently makes admissions, makes statements which the jury could have reasonably believed or inferred related to his going and acquiring the firearm. And if he hadn't taken it from there, he wouldn't be here, that is, in the jail. And then Governments Exhibit 18, which is also a telephone call from the jail, Mr. Goolsbee engages in a conversation with another person wherein he discusses that person advising him to make good choices and that he still went and took it. And that that good choice was to not play with, not to get involved in firearms. It didn't depend only on Ms. Henry's testimony, his conviction, that is. Your Honor, I would agree. It depends on Ms. Henry, the officer's testimony, as well as the other evidence that was presented. Thank you.  Ms. Mehar, you've reserved three minutes for rebuttal. You've asked me to address the suppression hearing. Would you still like me to do so? Okay. So it's our position that the hearing court did clearly err when it denied the motion for suppressing the gun and the drugs that were recovered from the vehicle. We feel it was clear error for the hearing court to credit the testimony of Investigator Gunn and Officer Miller, and we believe that this was the case in light of Susan Henry's text messages that were introduced into evidence at the hearing. And if you look at the timeline that was established by Officer Miller's testimony and you compare it to what was presented in the 19 text messages that were sent to Officer Gunn, you'll see that these – that the timeline was in clear conflict. You point out some problems with the timeline. Your adversary this morning says that we don't even have to think about that because the officer's testimony was credited, and so long as – unless we're willing to say that there was clear error in crediting the officer's testimony, the marijuana smell and your client's admission that he'd been smoking earlier in the day provided probable cause to search the car. Do you agree with that? No, I do not. I feel that, you know, the Court heard about these text messages and also heard Officer Miller testify may not have recognized the inconsistencies that we've pointed out on appeal in terms of the timing, but there were other questionable aspects of Officer Miller's testimony. I mean, this was essentially, you know, a setup. He knew that he was supposed to stop this car, and he claimed to observe it committing a traffic violation. Everything comes from him. He claimed to have smelled the odor of burnt marijuana. He claims that Mr. Goolsbee, you know, admitted to that, admitted to not stopping at the intersection and admitted to this burnt marijuana or the smell from smoking earlier. Then he – Mr. Goolsbee allowed him to search the vehicle. There was never any attempt to be evasive here. And the only thing that was recovered from the vehicle that would explain the smell of marijuana was raw marijuana shavings that were on the floor of Henry's side of the car. You know, it just appeared that this testimony is contrived, not credible, and it was designed to ensure that the stop of the vehicle by Miller was going to be justified and that his warrantless search was found reasonable. And, you know, in the process, he didn't want to blow Susan Henry's cover, because as you said, she was, you know, frantically testing – texting Gunn while this was happening. And notably, she doesn't mention anything about a weapon being in the car until 40 minutes after she's driving around with him. She never mentions marijuana, and she doesn't even describe what the vehicle looks like to Gunn. And Miller is getting his information through, like, the game of telephone. You know, Susan Henry is sending it to Gunn, and Gunn is telling Oakes, and Oakes is telling Miller. So there's a real disconnect here in terms of the information that Miller's getting, which leads his testimony to be suspect as well. And if this evidence had not been introduced – had been – if the motion had been denied – I'm sorry, granted, and the evidence was not introduced at trial, you know, Mr. Goolsbee in all likelihood would not have been convicted based on Susan Henry's testimony alone. I mean, as I had stated initially, her testimony was extremely suspect. It was unreliable. There were numerous inconsistencies in what she testified to, numerous inconsistencies. Things that she said, she knew that Goolsbee had been in a hotel room with a prostitute, but it didn't bother her, that she had paid for the hotel room. Even the trial judge was perplexed by some of her statements. She claimed Goolsbee gave her the gun the night before, that he came at night so nobody would see the gun and the drugs. Then he sat talking to her in her driveway until midnight. Then she went to bed. She kept the gun in her bedroom, but she was afraid of guns. Four hours later, in a broad daylight, she's now giving the gun. And the jury believed her. The jury did believe her, but again, the jury had the guns were introduced the gun was introduced into evidence, and so was all this contraband. You know, had it been, had the motion to suppress been granted, the government would not have had that. Understood. It was a show and tell. So. Thank you. Thank you both. We'll reserve decision. Thank you. And we rest on our briefs as well as Mr. Goolsbee's pro se supplemental submission. Thank you.